Case No. 15-7107, et al., Marcos Montes v. Janitorial Partners, Inc., et al., Appellants, Jeff Ogden, et al. Mr. DiNucci for the Appellants, Ms. Clark for the Appellate. Good morning. I'm John DiNucci for Mr. Clark and for Janitorial Partners, Inc. Briefly, this is a case brought under the Fair Labor Standards Act of D.C. Wage and Hour Law by Mr. Montes, the sole named plaintiff in the original complaint. Mr. Montes seeking wages allegedly due him for overtime. He later obtained a default with him still being the only named plaintiff. When he went to reduce the default to a default judgment, he then added in the pleadings the names of Ms. Zelaya and Mr. Palma, saying they too were owed wages. However, at no time, certainly not before the entry of the default, certainly not before the entry of the default judgment, and at no time later was an amended complaint or motion to leave the following amended complaint being filed, nor was any consent under the Fair Labor Standards Act or D.C. Wage and Hour Law filed to make Mr. Palma and Ms. Zelaya a party to the case. The issue before the Court on Mr. Park's and Janitorial Partners' appeal is whether or not Judge Leon in the trial court should have conducted an evidentiary hearing on the question whether or not process was in fact served on Mr. Park, both in his individual capacity and as registered agent for Janitorial Partners, Inc., there being in the file conflicting affidavits as to whether service was effected. And then the issue, as I understand it, on the part of Mr. Montes, is whether or not Judge Leon erred in vacating the default judgments that he had entered in favor of Mr. Palma and Ms. Zelaya. With respect to the issue of service of process and whether an evidentiary hearing was needed, as was well pointed out by Mr. Montes' counsel, I have not found, nor as I understand it has Mr. Montes' counsel, in any cases in this circuit on the issue that I've raised. The only cases I have found are from the Second Circuit, the ones I filed in the brief. My position is this. There's nothing inherently incredible about what Mr. Park or Mr. Garrett, I believe his name was, it's been a few years, hard to remember, or the third client. Nothing incredible on the face of their affidavits as to what they said, nor I submit within any one of the declarations from my witnesses any inconsistency which would say this person's not being honest, nor I would submit is there any inconsistency from a client to a client that would enable the trial court to make a judgment about credibility on the face of the affidavits. That being the case, I would... Do we review the failure to hold a hearing on abuse of discretion? Yes. So why is it an abuse of discretion to not hold a hearing? As I read the affidavits, there's simply no... One cannot reasonably make a determination from those affidavits about credibility. And the only way then to make a credibility determination is to hear the witness lie and to see the witness lie. What the trial court did was make a determination of credibility on the face of the affidavits alone, relying, for example, on the fact that I believe one of the affidavits, in this section from Mr. Monte's counsel, said that Mr. Park, my client, had acknowledged having seen the complaint. But Mr. Park explained that fact in another affidavit when he said a copy of the complaint, which consisted of a practice, had been mailed to his office. That's not service of process unless he accepts it. So I would respectfully submit no way on the face of those documents one reasonably can determine credibility. There should have been an evidentiary hearing. And I'm not aware of any cases to the contrary. Certainly none has been cited by Mr. Monte's counsel. And there are, I would also point out, defects, the lack of a debt award and the affidavit from the process server. The original affidavit from the process server identified Mr. Park as being, I believe, 35 years old. As Mr. Park pointed out in one of his affidavits, he actually, at the time of service, was 51 years old. And then we have the trial court saying that it was sort of incredulous or incredible, maybe that's not the word I use, that Mr. Garrett could, in his affidavit, make the statement he did that Mr. Park wasn't in the office on the day the process server said he got served. He's saying, you know, it's too far after the fact for that statement by Mr. Garrett to be credible. But what we also have in the case, and I think we're going to follow December of 2014, amended affidavits from the process server in which the process server is adding all kinds of detail. A year and a half after service, allegedly was infected. So there's actually things on the face of the affidavits that suggest you have to have an evidentiary. You can't reconcile these things just on the face, and you can't make a credibility determination just on the face of the affidavits. What about the Supreme Court's statement on Espinoza that the question is arguable jurisdiction? I'm not following, Your Honor. Arguable jurisdiction. Yeah, so isn't it, in Espinoza, the court says the issue on 60B is whether there's arguably jurisdiction, not whether there actually is jurisdiction, and describes erroneous decision about jurisdiction as not being the same thing. Are we talking subject matter jurisdiction or personal jurisdiction, Your Honor? Well, right now we're talking about personal jurisdiction because that's the only issue with respect to personal service, right? Isn't the point about personal service is that without it there's no personal jurisdiction? Yes. Okay, so we're talking about personal jurisdiction. That is the argument that you're making here, right? Yes. We should overturn the default because there's a lack of personal jurisdiction, right? That's one issue. One argument to this. I'm sorry. I can only do one at a time. On that argument, if the court just made a mistake by relying on affidavits rather than oral testimony, how does that survive the Espinoza requirement about that all that's necessary is that there arguably be jurisdiction? I'm going to have to be candid, Judge. I do not recall that case in its holding. I'm going to be perfectly blunt. Okay. I suppose you also don't recall there are two, notwithstanding the agreement of the parties, we actually have two D.C. Circuit cases on the subject of whether an oral hearing is required. Well, then I apologize to the court because I've never found them. Okay. Well, those are Otero and Prakash. Why don't we switch to the other question then, which is the question of whether there's what the court described as subject matter jurisdiction? Well, Judge, my point is probably inartfully phrased, as you can probably tell from my briefs and my presentation today. I'm not an appellate lawyer. I'm a trial lawyer. The simple fact is the initial complaint did not name Mr. Palmer or Ms. Zelaya as a plaintiff. And how does that deprive? So the argument is made in the briefs under Section 216 that deprives the court of jurisdiction, right? The argument is so made. The court certainly in a certain sense has subject matter jurisdiction over this type of claim, but neither Mr. Palmer nor Ms. Zelaya nor Mr. Montes on their behalf ever invoked the court's jurisdiction properly over any claim or potential complaint. Because they failed to opt in. Is that what you're saying? They failed to opt in. Or alternatively, no motion for leave to amend the complaint was filed at any time, let alone before the default. Let's go on the first one first. So you read, I take it, 29 U.S.C. 216B as opt in being a jurisdictional requirement. Is that what you're saying? Yes, essentially. I'm having trouble finding why that would be the case. The section, which is entitled damages right of action, attorney fees and costs, and termination of right of action, sounds like merits, not like jurisdiction. Right of action, as the Supreme Court has told us and the circuit has said repeatedly, that a right of action is not a question about jurisdiction. And what the statute actually says is that an action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer in any federal or state court of competent jurisdiction. So that suggests that we have a cause of action here, 29 U.S.C. 216, and it can be brought in a court of competent jurisdiction. So what would be that court? That would be the United States District Court, which under federal arising under jurisdiction, has jurisdiction. We have cause of action provided by the Congress, and we have jurisdiction. Now, they might lose by failing to opt in. That would be a merits question, not a jurisdiction question. What am I missing here? I understand Your Honor's point, but if I may address it this way. The simple fact is they didn't opt in, so the court did not have, for lack of putting it crudely, authority in this particular circumstance to decide a claim on their behalf. There never was any claim by them ever before the court. In fact, to this day, even with the motion for reconsideration, there's never been a motion for leave to amend a complaint filed to add these people's parties in the case. So their case of controversy, if there is any with the defendants, has not been, it still is not before the court. Well, the case was filed on behalf of the plaintiff and all others similarly situated, correct? That's correct. All right. So the question then is, is there jurisdiction for such a claim? These two particular individuals are others similarly situated. They didn't opt in, which may be a failure on the merits, but there's jurisdiction because the statute provides this kind of action. And now your problem, it seems to me, is that a merits problem is not a 60B4 problem, right? Is that right? 60B4 will only relieve you from a default if the matter is void, the original decision was void, which requires a failure of jurisdiction. Do you agree with that? In part, Your Honor. It's not just if there's a, well, putting aside subject matter jurisdiction, there's a lack of notice and opportunity to be heard by my clients. I understand. That is your other argument. I can only do one. Once again, I can only do one argument at a time. I understand. You agree that 60B4 only covers a failure of jurisdiction, right? Yes. Yeah. But subsequently, well, I don't want to jump ahead. I understand. Okay. Ready to defer to Alex? No. Okay. Time's up. Thank you. I appreciate it. Good morning. I would like to start with the service process issue very quickly. I think they're factually in the record. It's very clear that Mr. Palmer at least, I'm sorry, that Mr. Park at least had notice of this complaint. There is in the record a letter that he forwarded to our office about Mr. Montez specifically. So although there may be issues concerning whether or not there were additional statements made by the process server, the question of notice is very clear in this record, in as much as Mr. Park at least acknowledged that the complaint was filed. But notice would resolve a problem of due process, right? It wouldn't resolve a problem of personal jurisdiction. Just having notice that a complaint's been filed against you doesn't provide the court with personal jurisdiction. It doesn't provide the court with personal jurisdiction as to Ms. Zelaya and Mr. Palmer. I wouldn't agree with that. What about the lead plaintiff? Mr. Park? Yeah. I would say with regard to personal jurisdiction over Mr. Park, I believe the affidavits are very clear that he was personally served. And the evidence that was submitted to suggest that he was not did not rise to a level of suggesting that any of the statements that were made by the process server were at all incorrect or without credibility. When we have two conflicting affidavits, one says the person is served. The other says the person wasn't served. We need to have an in-person hearing in order to resolve credibility questions. Both parties say there aren't any cases on this. But in the Prakash case, Judge Robinson said, this is the D.C. Circuit, 727 F. 2nd, 1174. When their opposing written submissions do not demonstrate the falsity of the declaration with reasonable certainty, the issue necessarily becomes one of the declarant's credibility. In that case, the court cannot rest its decision simply on the paper record, but must hold a hearing in order to adequately assess credibility. Only in that way is a sound decision possible. Why doesn't – to be fair, since neither party seems to have read it, this is a case about intentions about diversity jurisdiction, not about personal jurisdiction. But why wouldn't the same issue, the same point be correct, that you can't resolve this kind of question, at least when the parties are both available, which they are, why this can't be resolved or must not be resolved by oral testimony? I believe our argument was that it's clearly in the purview of the judge to make that decision if he's going to hold that hearing. I'm not suggesting that a hearing would not have been an appropriate thing to do. Well, I'm asking, doesn't the Prakash case say it's not in the discretion of the district court to make that determination? I think, in a sense, that case was not found within our own research. I believe that it would not mandate a hearing. I don't suggest that such a hearing might be something that a judge would consider other than those conflicting facts. And what do you think on the second question on the subject matter jurisdiction, if your other two were not named in the original complaint? Yeah. So with regard to subject matter jurisdiction, the Court had subject matter jurisdiction with regard to the claims of both Mr. Palmer and Ms. Zewaia in as much as it had jurisdiction over the nature of the action to begin with. And it had jurisdiction over both the claims under the FLSA and the claims under the 2DC wage statute. The fact that the two consents were not filed at the time did not remove subject matter jurisdiction from the court with regard to claims that could have been brought by anyone who fell within the jurisdiction or within the purview of the claims that were asserted in the complaint. The complaint, in two places, makes clear that there were consents that were being signed or continuing to be signed. And so in terms of receiving the complaint, one would be on notice that consents were being executed. The consents were not filed. There was no dispute about that. The consents were brought to the attention of the court after the motion under Rule 60 was brought. But we think that with regard to the motion for default judgment, that the court exercised jurisdiction in as much as it accepted the representations by both Mr. Palmer and Ms. Zewaia. Under Federal Rule 21, the court could sui sante, exercise jurisdiction, by taking on those claims and rendering a judgment. That's effectively what Judge Leon did. At no time did he question why they had not been provided or information about them had not been provided prior to the motion for default judgment. All the information that was submitted included the Department of Labor investigation and the money that they had received and the damages that they had calculated individually. So I think that the court, on its own, effectively decided that the consents were not necessary and accepted the evidence that was presented by the parties. Well, the court seemed to have a different view later. I understand that. And so what I would say with regard to that is that, inasmuch as the court has made a decision to reconsider its position, that it shouldn't be fatal to Mr. Palmer and Ms. Zewaia, that instead what would have been a more appropriate thing to do would have been to accept the consents and permit an ex parte hearing with regard to those damages. All the court has done is just effectively voided the judgments, but has not addressed anything with regard to what has been awarded to those two individuals. Instead, it has pushed this case off to a magistrate judge for purposes of hearing with regard to attorney fees. I think that the court, that many of the cases that address the 216B consent filing, most of them don't arise at this stage of the hearing. Most of them arise early on in the proceeding. And many of the courts have just told plaintiffs to amend or to refile with the consents and reserve the complaint with the consents. In other words, most of the courts that have faced these issues have not determined that the case overall is fatal to those plaintiffs whose consents were not filed. And we believe that that is the major error here. There are no cases under the D.C. laws that would suggest that the failure to file the consent is fatal to the parties. In fact, I want to be clear with regard to the claims at the time that the motion was filed, that because of the Department of Labor's investigation, all three individuals could not bring claims under the FLSA because they had waived those claims. They had received money as a part of the investigation. So the claims that were continuing to move forward before Judge Leon were claims under the D.C. minimum wage law and under the D.C. wage payment collection law. And there are, as I said, there are no cases that talk about whether or not the failure to file the consents are fatal. So the judge has exercised, made the decision to exercise jurisdiction over the D.C. statutes, but he's evaluating it under the FLSA. It's not to say he can't. I'm just suggesting that inasmuch there are no cases under the D.C. laws that say that the failure to file the consents is fatal to the party, that that should be considered. I'm back up again. You're saying that there is no FLSA claim? There was originally. But by the time the motion for default judgment was entered, the Department of Labor had already paid the unpaid wages and overtime for the majority of the periods that were asserted in the complaint. The statute of limitations under the Labor Standards Act would not have reached the, I think it was a one-year period prior to that, and therefore the motion is very clear that we were seeking damages under the D.C. laws and not under the Fair Labor Standards Act. In fact, liquidated damages that were calculated were calculated under the D.C. laws and not under the Fair Labor Standards Act. I will admit that the pleading on its own probably appears to be very confusing about this because we were making clear that the complaint had been filed under all the statutes, but we also pointed out to the court that this Department of Labor affidavit, a copy of which is in here in the appendix, made clear that the parties could not assert their rights in court since they had agreed to accept the money based on the Department of Labor's calculation. So the court was exercising supplemental jurisdiction over these two D.C. statutory-based claims? That's correct. But can you assert supplemental jurisdiction if you don't have any primary jurisdiction at all? It's at the time that... It must have come out in the briefing, I have to say. I understand, but I'm looking at the record. It's very clear to me that he made a judgment to exercise that supplemental jurisdiction. And as I understand the case law, that a court can, once a case is before a court under federal jurisdiction, which this case was, if facts change that would result in the federal claim either being resolved or being dismissed, the court can on its own decide to continue to exercise jurisdiction over the remainder of the case. So it would be supplemental jurisdiction, and I think that's what he did here. Tell me the timeline again. When the complaint was originally filed, you had an FLSA claim, and at some point it was settled, it was resolved by the Department of Labor. Is that right? Not all of it, but a major portion of it. And part of it that was not resolved under the FLSA could not be reached because of the statute. I understand. This was before the default judgment was entered or after? Yes, before the default judgment was entered. Okay, further questions? Okay, is there any time left? We'll give you one more minute if you want it for rebuttal. If I recall correctly, Judge Leon himself said he did not sui sponte anybody as a part of the case. I don't remember the page in the record. That's in one of his rulings. Secondly, Judge, all the complaint has ever said is there might be additional, there are people potentially within the scope of the class or the collective action, but again, no consents were filed, and those people were never added as plaintiffs in the case. There's no actual notice, even if Mr. Park had a copy of the complaint, there never was and could not have been, given the procedural history here, any actual notice to him that there was an actual live claim by Mr. Palm and Mrs. Alive. He did not have any actual notice of those claims. To say otherwise is to ignore all the procedural requirements under the federal rules for adding a party and under the FLSA for adding a party through a consent, and the same is true under one of the two D.C. statutes in question. And under the second D.C. statute, which doesn't require consent, the simple fact is these two people were never named as plaintiffs in the case. That's not actual notice to my client that he's facing this additional liability. Thank you. Thank you. We'll take the matter under submission.
judges: Garland, Henderson, Wilkins